UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICON, INC., *a Missouri Company doing business as Citrus Springs*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  4:18 CV 2111 RWS |
| DANIEL H. GOLDEN, *in his capacity as Liquidating Trustee of the Dean Foods Company (DFC) Liquidating Trust*, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case arises out of a contract dispute between Plaintiff Ricon, Inc. (d/b/a Citrus Springs) and Suiza Dairy Group, LLC (d/b/a Country Delight Farms).[1]  The case is now before me on Ricon's motion to dismiss.  For the reasons below, the motion will be granted.

### BACKGROUND

On October 29, 2018, Ricon sued Suiza for breach of a non-disclosure agreement.  Ricon alleges that Suiza disclosed confidential information to one of Ricon's largest customers, Tropical Smoothie Café, LLC, and illegally caused

---

[1] Daniel H. Golden, in his capacity as the Liquidating Trustee of the Dean Foods Company Liquidating Trust, has been substituted as the defendant in this case.

Tropical Smoothie to breach its contract with Ricon.  On December 19, 2018, Suiza removed the case to federal court.  On January 11, 2019, Suiza filed a four-count counterclaim alleging that Ricon failed to pay $201,028.33 in connection with nine invoices issued by Suiza.

On November 12, 2019, Suiza's parent company, Dean Foods Company, filed for bankruptcy and this case was stayed.  On August 25, 2022, Daniel H. Golden, in his capacity as the Liquidating Trustee of the Dean Foods Company Liquidating Trust, was substituted as the defendant in this case.  Because of Suiza's bankruptcy, Defendant claims that Ricon cannot recover on its claims because Suiza's assets are gone.  However, Defendant's counterclaim survived the bankruptcy.

The deposition of Defendant's corporate representative has been a recurring source of conflict in this case.  On August 9, 2023, Ricon's counsel emailed Defendant a draft Notice of Deposition of a Corporate Representative with a list of topics pursuant to Rule 30(b)(6).  Ricon's counsel requested to take the deposition before the discovery cut-off date on September 27, 2023.  August and September passed without a deposition, and Defendant filed a consent motion to extend to extend the discovery deadline to November 17, 2023.  I granted the motion.

After the first extension, Ricon's counsel sent regular emails about the deposition to Defendant's counsel. *See* ECF No. 95-1.  Defendant's counsel insisted that he was working on finding a suitable date but never provided one.  *See id.*

2

Eventually, Defendant filed a second consent motion to extend the discovery deadline to January 5, 2024. I granted the motion.

After the second extension, Ricon's counsel continued his attempts to schedule the deposition. *See id.* As before, Defendant failed to identify and produce a corporate representative to testify. Defendant then filed a third motion to extend the discovery cut-off date until February 9, 2024. Ricon opposed the motion, arguing that Defendant failed to reasonably cooperate with discovery by failing to identify a corporate representative and make them available for a deposition within five months of Ricon's 30(b)(6) notice.

On January 18, 2024, I held a hearing on Defendant's third motion to extend the discovery deadline. After hearing from both parties, I ordered Defendant to "identify the names of individuals to respond to all topics in Plaintiff's Rule 30(b)(6) notice no later than January 31, 2024" and warned Defendant that the case would be dismissed if it did not comply with my order. *See* ECF No. 76. Finally, on January 30, 2024, Defendant identified its corporate representative as Kim Franklin. The same day, Ricon's counsel requested dates to depose her in February 2024.

On February 29, 2024, I entered an Amended Case Management Order setting the discovery deadline on July 12, 2024. Ricon's counsel continued requesting a date to depose Ms. Franklin and sent written requests to Defendant on April 15, 2024 and April 18, 2024. However, the deposition was not scheduled and the discovery

deadline was extended once again, to October 10, 2024.  Finally, Ricon's counsel

deposed Ms. Franklin on September 9, 2024, more than one year after producing the

30(b)(6) notice.

Ricon now claims that Defendant failed to produce a knowledgeable witness

in response to its 30(b)(6) notice because Ms. Franklin could not answer questions

about Defendant's counterclaim or the facts of the case.  Ricon argues that

Defendant's failure to produce a knowledgeable witness, coupled with its delay in

identifying and producing a corporate representative, should result in dismissal of

the case as a sanction under Rule 37(b)(2).  Defendant opposes the motion, arguing

that it did not fail to produce a knowledgeable witness and that it is not to blame for

the delay in the case.

## DISCUSSION

Failing to produce a knowledgeable corporate representative is sanctionable

conduct under Rule 37(b)(2).  *See Cedar Hill Hardware and Constr. Supply, Inc. v.*

*Ins. Corp. of Hannover*, 563 F.3d 329, 345 (8th Cir. 2009) (citing FED. R. CIV. P.

37(b)(2)).  Under Rule 37(b)(2), dismissal of the case is an available sanction.  FED.

R. CIV. P. 37(b)(2)(A)(v).  Dismissal is an extreme result which requires "(1) an

order compelling discovery; (2) a willful violation of that order; and (3) prejudice to

the other party." *Schubert v. Pfizer, Inc.*, 459 Fed. App'x 568, 573 (8th Cir. 2012).

Prejudice may exist where a party's misconduct forced the opposing counsel to

spend significant amount of time hounding that party for discovery. *See Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000).

### A.      Ms. Franklin's Deposition as Suiza's Corporate Representative

In this case, Ricon sent Defendant a Rule 30(b)(6) deposition notice on August 9, 2023. Defendant was not able to identify a corporate representative until nearly six months later, and even then, did so only after an ultimatum from the Court. It then took another eight months for Defendant to make its corporate representative available for deposition.

In addition to Defendant's delay in identifying and producing a corporate representative, the transcript of Ms. Franklin's deposition makes clear that she was unable to provide answers to the most basic questions about the topics in Ricon's 30(b)(6) notice. For example, Ms. Franklin admitted that she did not know anything about Defendant's counterclaim, Ricon's affirmative defenses, the underlying facts, or damages. *See generally* ECF No. 100-1. Ms. Franklin further testified that she left her employment with Defendant in May 2018 (three months before the disputed invoices were issued), *id.* at 15:22–23, and that everything she knows about the case was communicated to her by her lawyer. *Id.* at 108:18–21. Ultimately, Ms. Franklin agreed that it would be fair to say she does not know anything about the case, *id.* at 111:3–5, and stated that she is not aware of any other former employees who would have knowledge about the case. *Id.* at 114:17–20.

5

## B.    The Parties' Claims and Defenses

Defendant argues that Ms. Franklin's limited knowledge about Suiza's billing and invoicing practices is sufficient to make her a knowledgeable witness. However, Ms. Franklin—and therefore, Defendant—has no knowledge about the underlying facts of the nine invoices, the non-disclosure agreement, the alleged terms and conditions between Ricon and Suiza, or damages. Knowledge of each of those issues is crucial because they are the substance of Defendant's counterclaim and Ricon's affirmative defenses, and disputes of facts exist as to each issue.

With respect to the invoices, Ricon's corporate representative, Justin Davis, testified that the invoices were inaccurate and that the products were never shipped or received. *See* ECF No. 104-1 at 25:16–18; 26:4–20; 29:5–20; 40:9–14; 94:12–18; 106:11–22. Even if Ms. Franklin could authenticate the invoices, she does not have the requisite knowledge to prove that they were accurate, that Suiza shipped the products, or that Ricon accepted the products. As a result, Defendant cannot prevail on its claims.

Ricon has further asserted the affirmative defenses that (1) Suiza's breach of the non-disclosure agreement justified any non-payment of the invoices allegedly issued by Defendant, and (2) that Suiza is not a party to the disputed terms and conditions. ECF No. 13 at 4–5. Without knowledge of the facts underlying these issues, Defendant cannot overcome Ricon's affirmative defenses.

## C.      Dismissal

Defendant's failure to produce a knowledgeable corporate representative violated my discovery order directing Defendant to identify individuals to respond to all topics in Ricon's 30(b)(6) notice.  *See* ECF No. 76.  Due to this failure, Ricon "was prejudiced because it was deprived of information to which it was entitled." *See CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, No. 4:12-CV-00246 CDP, 2013 WL 3946116, at *3 (E.D. Mo. July 31, 2013).  Under the deposition notice, Ricon was entitled to obtain information about the facts underlying Ricon and Suiza's business relationship, the disputed invoices, and damages.  Ms. Franklin's responses were not sufficient.  Additionally, Ricon incurred significant fees in attempting to schedule the deposition and in traveling to take the deposition.

At this stage in the case, there is no alternative to dismissal.  The case has been pending for over six years.  The discovery deadline has been extended again and again due to Defendant's inability to produce a knowledgeable witness, and I warned Defendant over a year ago that failure to produce a corporate representative would result in dismissal.  *See* ECF No. 76.  Although Defendant did eventually attempt to produce a corporate representative, she ultimately had no knowledge about the case.  Now, as Ms. Franklin has testified, there is no suitable substitute remaining who would have knowledge about the case.

Defendant argues that I should not consider the motion for sanctions because

7

Ricon did not "meet and confer" with Defendant before filing it. *See* Local Rule 3.04. However, Rule 37 does not require counsel to meet and confer before seeking sanctions. *Lindstedt v. City of Granby*, 238 F.3d 933, 936 (8th Cir. 2000).

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff Ricon, Inc.'s motion to dismiss the case [94] is **GRANTED**.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 18th day of February 2025.